UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-386-H

MICHAEL E. FLINN                                                              PLAINTIFF

V.

R.M.D. CORP. AND
NEAL HARDING                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Flinn alleges that Defendants, R.M.D. Corp. ("RMD") and Neal Harding, breached a three-year oral contract for the purchase and financing of Harding's interest in RMD and other assets. Defendants have moved to dismiss on the grounds that Kentucky's Statute of Frauds, Ky. Rev. Stat. Ann. § 371.010 (West 1990), *et seq.*, requires that any agreement involving the loan of money for a business enterprise or which is not performed within one year of its formation is unenforceable unless set forth in writing and signed by a party to be charged. The Court will consider each.[1]

I.

Plaintiff filed his complaint on July 4, 2011, alleging that "the parties came to terms" on an agreement in which "Harding agreed to seller finance part of Flinn's purchase of RMD if Flinn would personally guarantee part of RMD's debt." Although it is immaterial here, Defendants deny the existence of any such an oral agreement.

The complaint alleges that the oral agreement provided that "Flinn would have a three-

---

[1] Defendants have also moved to dismiss on the grounds that Plaintiff has no claim under the April 2010 written agreement and that the parole evidence rule prohibits the oral modification of that agreement. The Court need not discuss these arguments.

year option to purchase RMD and other associated companies and assets for a price of $45,000,000.00, with the option period running from January 1, 2009 through December 31, 2011. During this period, 80% of RMD's pre-tax earnings would be applied toward the purchase price of RMD.

Prior to that time, it appears that the parties had entered into three separate written Letters of Intent, the last dated May 2008. On January 1, 2009, Defendants did hire Plaintiff as president of RMD at an annual salary of $300,000. The Complaint alleges that the hiring was part of the oral agreement. Beyond May 2008, the parties never executed another written agreement until April 13, 2010. However, Plaintiff's Complaint asserts a breach of contract only as to the alleged oral agreement.

At no time through the middle of 2010 did Plaintiff obtain the financing envisioned under any of the prior written agreements. Nor did Plaintiff exercise any option which he allegedly obtained under an oral agreement. In June 2010, Plaintiff left his employment with RMD. On July 4, 2011 he filed this lawsuit.

II.

Kentucky's Statute of Frauds bars the enforcement of certain oral contracts as contrary to public policy. Kentucky courts have recognized the statute of frauds, established by English common law, since the early 19th century. *See Craig v. Baker*, 3 Ky. 281, 1808 WL 727, at *5 (Ky. Ct. App. 1808); *Gully v. Grubbs*, 24 Ky. 387, 1829 WL 1229, at *3 (Ky. Ct. App. 1829). As explained by the Kentucky Court of Appeals in 1808, "[t]he law has wisely required a solemnity of evidence, in certain cases, to protect those who may be accused of breach of good faith, against the frauds of their accusers." *Craig*, 1808 WL at *5.

More than two centuries later, the doctrine remains sound and has developed to address particular circumstances in which heightened protection against fraud is warranted. These instances include, among others, promises made to pay the debts of another, agreements made in consideration of marriage, and contracts for the sale of real estate. *See* Ky. Rev. Stat. Ann. § 371.010. The rule advances public policy and acts "as a shield rather than a sword," both protecting parties against fraud and preventing others from enjoying the benefits of their promises while evading obligations not set forth in writing. *Upchurch v. Clinton Cnty.*, 139 S.W.2d 432, 435 (Ky. Ct. App. 1940).

The statute contains two provisions which Defendants assert here: one concerning agreements that cannot be performed within one year and another concerning agreements involving loans, credit or other financial accommodations to assist a business enterprise. The Court will consider each in turn.

A.

Kentucky's Statute of Frauds encompasses agreements that are not to be completed within one year of their formation. KRS § 371.010 states:

> "No action shall be brought to charge any person . . .
>
> (7) Upon any agreement that is *not to be performed within one year from the making thereof*;
> . . .
> unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. It shall not be necessary to express the consideration in the writing, but it may be proved when necessary or disapproved by parol or other evidence.

(Emphasis added). According to the Kentucky Supreme Court, "when it was contemplated by

3

the parties that the contract would not, and could not, be performed within the year, even though it was *possible* of performance within that time, it comes within the inhibition of the Statute." *Sawyer v. Mills*, 295 S.W.3d 79, 84 (Ky. 2009). Thus, courts look to the intention of the parties in determining whether a contract could be completed within one year. *Id*. at 83-84.

Here, both parties present persuasive evidence in support of their positions. On the one hand, Plaintiff's alleged oral option agreement allowed its exercise within one year of forming the agreement. After all, an option, by its very nature, permits performance any time within an agreed period. Indeed, Plaintiff, in theory, could purchase RMD within one year under the oral agreement, if financing issues were resolved sooner. Furthermore, although 80% of RMD's pre-tax earnings would be applied toward the alleged purchase price for three years, Plaintiff theoretically could have purchased sooner, forfeiting any non-accumulated purchase credit.

On the other hand, the alleged agreement does appear to contemplate performance over the entire three years. For example, the alleged oral agreement applies 80% of RMD's pre-tax earnings to the purchase price, suggesting that the agreement covered that time period. In addition, Plaintiff's service and salary as president were to continue for three years and were not open to modification. These facts indicate that the alleged oral agreement contemplated a three-year duration for their agreement.

The Court's review is limited to the pleadings, and the record is insufficient to prove either party's argument. Looking at all the pleadings alone, however, the Court concludes that the agreement as alleged could have been completed within one year of its formation. Defendant's motion to dismiss on this ground must fail.

B.

The Court next turns to the issue of whether the agreement constitutes a loan, credit, or financial accommodation for a business enterprise, thus falling within the scope of KRS § 371.010. That section of Kentucky's statute of frauds provides:

> "No action shall be brought to charge any person
> . . .
> (9) Upon any *promise, contract, agreement, undertaking, or commitment to loan money, to grant, extend, or renew credit, or make any financial accommodation to establish or assist a business enterprise or an existing business enterprise including*, but not limited to the purchase of realty or real property, but this subsection shall not apply to agreements pursuant to which credit is extended by means of a credit card or similar device, or to consumer credit transactions; unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. It shall not be necessary to express the consideration in the writing, but it may be proved when necessary or disproved by parol or other evidence.

(Emphasis added). The Kentucky legislature added subsection 9 to our Statute of Frauds in 1990. Although this provision has not been cited often, its purpose seems quite clear. According to the Court of Appeals of Kentucky, this provision requires agreements be in writing if they involve a loan, money, credit, or any financial accommodation "to establish a business enterprise" or to assist an existing one. *Davis v. Davis*, 343 S.W.3d 610, 615 (Ky. Ct. App. 2011). For example, a loan or extension of credit to build a personal residence would fall outside Kentucky's Statute of Frauds. *Id*. On the other hand, financial assistance to aid a business approaching insolvency would be subject to the statute. *Anderson v. Pine S. Capital, LLC*, 177 F. Supp. 2d 591, 601 (W.D. Ky. 2001).

Here, the Complaint alleges that Defendants made a commitment to assist Flinn's purchase of RMD by allowing the accumulation of seller-financed equity. Consistent with this

5

Court's prior interpretation of the applicable statute, such promises clearly involve financing a business enterprise or the purchase of it. Such promises would fall within the plain meaning of the statute's "promise. . . to loan money . . . to grant or extend credit" clause as well as within the statute's catchall inclusion of any "financial accommodation to establish or assist a business enterprise." Only an excessively narrow interpretation of the statute's plain language would yield a different result.

For these reasons, the Court can only conclude that the oral agreement promises to grant or extend credit, or to make financial accommodations to assist a business enterprise. Thus, it falls squarely within the Statute of Frauds and must be in writing to be enforceable.

III.

Plaintiff has also moved (1) to strike and exclude all matters outside the pleadings; (2) for leave to file an amended complaint; and (3) for a continuance of the pending dispositive motion.

The Court has come to its decision without reference to matters outside the pleadings. The facts alleged in the complaint cast the alleged agreement solely within the confines of the statute. Consequently, the motion to strike pleadings would not change the result.

Plaintiff has been out of Defendant's employment since June 2010. He has had plenty of opportunity to decide what, if any, claims to pursue. The Court finds no reason to believe that the causes of action could not have been alleged with the original complaint. Plaintiff has not asserted newly discovered information or surprise.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's other motions to strike, for leave to amend and to continue consideration are DENIED.

This is a final order.

cc: Counsel of Record