UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00386-H

MICHAEL E. FLINN                                                                              PLAINTIFF

V.

R.M.D. CORP. and NEAL HARDING                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to alter or amend its Memorandum Opinion dated October 21, 2011, or alternatively, for leave to amend. Having reviewed Plaintiff's arguments and, for the reasons that follow, the Court will sustain Plaintiff's motion for leave to amend, and deny his other motions.

**I.**

This case concerns an alleged agreement between Plaintiff and Neal Harding for the acquisition of R.M.D. Corporation ("RMD"), which owns and operates thirty-eight Hooters restaurants across four states. In 2007, Plaintiff initiated efforts to acquire RMD from Harding, the company's sole shareholder and director. During negotiations, Plaintiff served as the unofficial president of RMD. Plaintiff alleges that the parties ultimately agreed that Harding would finance part of Plaintiff's purchase if Plaintiff would personally guarantee part of RMD's debt and serve officially as president of the company. The Court has described the other relevant facts in its previous Memorandum Opinion.

Eventually, Plaintiff brought suit against Defendants for breach of contract. Defendants moved to dismiss the contract claim as unenforceable under Kentucky's statute of frauds. The

Court, in its prior Memorandum Opinion agreed, noting that the plain language of the statute, Ky. Rev. Stat. Ann. § 371.010 (West 1990), requires that any agreement involving the financial assistance of a business enterprise be in writing and signed by the party to be charged.  Plaintiff now moves to amend that judgment, and alternatively, for leave to amend his Complaint.

Pursuant to Federal Rules of Civil Procedure 59(a) and 59(e), a district court may grant a new trial or amend a prior judgment to correct a clear error of law, prevent manifest injustice, or to consider newly discovered evidence.  *Mkt. Finders Ins. Corp. v. Scottsdale Ins. Co.*, No. 02-433-C, 2007 WL 2025210, at *1 (W.D. Ky. July 9, 2007) (citation omitted).  The decision to do so is "left to the district court's sound discretion." *Clayton v. Morillo*, No. 3:09-CV-P265-S, 2010 WL 569839, at *1 (W.D. Ky. Feb. 12, 2010) (citation omitted).  However, such a "motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not." *Id.* (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).  "Accordingly, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, shall be denied." *Id.* (internal quotation marks, brackets, and citation omitted).

## II.

Plaintiff argues that the Court's prior ruling was wrong and should be reversed.  In addition, Plaintiff contends that his performance of the contract removes it from the purview of the statute of frauds.  The Court will address each of these arguments.

Plaintiff argues that the Court should reconsider whether the parties' alleged contract was one to finance a business transaction.  According to the Complaint, Harding agreed to seller finance part of Flinn's purchase of RMD if Flinn would personally guarantee part of RMD's debt

and serve as president of the company. Flinn and Harding agreed to an option purchase contract that allowed Flinn to take over the reins of RMD, begin improving its performance, and begin earning seller-financed equity while seeking financiers to close the remainder of the purchase.

In the Court's view, the Complaint indisputably asserts an agreement to assist or finance a business enterprise. Flinn sought to purchase RMD, and the contract provided terms for seller financing and payments to be applied toward the purchase price. Because the agreement directly concerned the financing of a business enterprise, the statute of frauds applies. Plaintiff offers no new arguments or facts to refute this conclusion.

Plaintiff cites *Hirby v. Lytle* to support his argument that the Court's Memorandum Opinion was premature. In *Hirby,* the parties could not agree on the subject of their own agreement and whether the loan in question involved a "business enterprise." No. 2006-CA-001024-MR, 2007 WL 1229502, at *3 (Ky. Ct. App. April 27, 2007). The Kentucky Court of Appeals therefore held that a genuine question of fact existed regarding the nature of the agreement, and more consequently, whether it fell within the statute of frauds as a loan "for a business enterprise." *Id.* No such dispute exists here.[1] Both parties acknowledge that the subject of their negotiations and dealings was the purchase of RMD. Thus, the statute of frauds applies.

Plaintiff next attempts to save his contract claim by arguing that his part performance renders the statute of frauds inapplicable. As support, Plaintiff cites only cases involving contracts not to be performed within one year, which Kentucky courts have often excepted from

---

[1] In fact, the new claims which Plaintiff asserts in his Amended Complaint also say that Defendants failed to provide the financing promised.

the statute of frauds, but which are not the subject matter of the instant action.  Certainly, partial performance could be a factor in determining whether an oral agreement could be performed within one year.  None of the cases cited by either party addresses suspension of the statute of frauds in cases involving financial assistance for businesses.  Furthermore, any such partial performance would not seem to be relevant to the issue of financing.  For that reason and without any other proper support, the Court has no grounds upon which to believe that Kentucky courts are likely to entertain such an exception to the general rule.

### III.

Alternatively, Plaintiff moves for leave to amend his Complaint to allege claims for quantum meruit, unjust enrichment, fraud, and equitable estoppel.  In response to Defendants' earlier motion for dismissal, Plaintiff failed to articulate these particular claims or to submit an Amended Complaint reflecting them.  Absent any specific claims, the Court naturally denied the motion.

Now Plaintiff presents specific new claims.  The litigation has not yet involved extensive discovery.  Except on the statute of frauds issue, no extensive motion practice has occurred.  Consequently, reconsideration of the prior motion would not seem unfairly prejudicial or unfair to Defendants.  True, Plaintiff could have raised those issues earlier.  Nevertheless, these issues are not so late as to prevent the Court from considering them now.

Before leave may be granted, however, the Court must conduct a cursory review of the newly presented allegations and issues and deny leave if allowing an "amendment would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).  Futility exists where "the proposed amendment would not permit the complaint to survive a motion to dismiss."  *Miller v.*

*Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citation omitted).  The Court will consider each proposed claim accordingly.

A.

Plaintiff first seeks to recover the value of services he rendered to Defendants under the theory of *quantum meruit*.  Plaintiff alleges that the following benefits were conferred upon Defendants: (1) Plaintiff personally guaranteed roughly $14 million of RMD's debt, freeing up Harding's personal line of credit and personal guarantees, and permitting Harding to eliminate other outstanding obligations; and (2) Plaintiff, as president, improved the performance of RMD's Hooters restaurants.  Because Plaintiff was only partially compensated for his services and credit, he seeks to recover the reasonable market value of the remaining services.

Recovery under *quantum meruit* can be sought in cases of both implied-in-law contracts and implied-in-fact contracts.  The distinction lies in whether recovery is rooted in the laws of restitution or contract.  Since the Court has already determined that Plaintiff inadequately pleads a contract claim, his *quantum meruit* claim must lie in restitution.  *See JP White, LLC v. Poe Cos., LLC*, Nos. 2010-CA-000267-MR, 2010-CA-000299-MR, 2011 WL 1706751, at *5 n.5 (Ky. Ct. App. May 6, 2011) (noting "that an action for restitutionary relief based upon *quantum meruit* must be an alternative remedy to an action for damages upon breach of contract.")  In such cases, *quantum meruit* is recoverable on implied-in-law contracts, or those "contract setting[s] where a party doubts the existence of a contract." *Gonzalez v. Imaging Advantage, LLC*, No. 11-243-C, 2011 WL 6092469, at *2 (W.D. Ky. Dec. 7, 2011) (quoting *Advanced Plastics Corp. v. White Consol. Indus.*, 828 F. Supp. 484, 491 (E.D. Mich. 1993)).  To recover, a party must prove: "(1) that valuable services were rendered, or materials furnished; (2) to the

5

person from whom recovery is sought; (3) which services were accepted by that person, or at the last were received by that person . . . ; and (4) under such circumstances as reasonably notified the person that the plaintiff expected to be paid by that person." *MidAmerican Distrib., Inc. v. Clarification Tech., Inc.*, 807 F. Supp. 2d 646, 680-81 (E.D. Ky. 2011).

A cursory review of these factors reveals that Plaintiff has alleged facts sufficient to pursue a *quantum meruit* claim. Plaintiff's service as both president and personal guarantor of RMD likely conferred some value to Defendants for which Plaintiff expected compensation in return. Of course, it may be that the compensation already received is sufficient. Regardless, it suffices at this stage to determine only that the claim is not futile.

B.

Plaintiff next seeks to recover Defendants' unjust enrichment as a result of the benefit Plaintiff conferred upon them. The same factual allegations presented above support this claim. Namely, Defendants benefitted from increased cash flow, the ability to settle personal debts, and latitude to pursue new investments or enterprises.

Similar to the theory of *quantum meruit*, unjust enrichment is actionable upon implied-in-law contracts. "The claim for unjust enrichment is a legal fiction created to permit recovery where equity says there should be recovery, although there is no recovery in contract." *Holley Performance Prods., Inc. v. Keystone Auto. Operations, Inc.*, No. 1:09-CV-00053-TBR, 2009 WL 3613735, at *5 (W.D. Ky. Oct. 29, 2009) (citing *Perkins v. Daugherty*, 722 S.W.2d 907, 909 (Ky. Ct. App. 1987)). Thus, "'[t]he doctrine of unjust enrichment has no application in a situation where there is an explicit contract which has been performed.'" *Id*. (citation omitted). For a "[p]laintiff to prevail under unjust enrichment, it must establish three elements: (1) a

benefit conferred upon [a] defendant at [the] plaintiff's expense; (2) a resulting appreciation of benefit by [the] defendant; and (3) inequitable retention of benefit without payment for its value." *MidAmerican Distrib. Inc.*, 807 F. Supp. 2d at 680.  Although the elements required to prove claims for unjust enrichment and *quantum meruit* admittedly appear similar, perhaps even redundant, Kentucky courts apply two distinct tests for them, and this Court will duly regard them as independent theories of recovery.  *See id.*

A cursory review of the Amended Complaint shows that Plaintiff may be able to prove the elements for this claim.  Defendants allegedly agreed to compensate Plaintiff for his services, apply certain revenues to the purchase price of RMD, and relieve Plaintiff's personal guarantee of RMD's debts if he fulfilled his obligations.  If Defendants failed to perform their promise, Flinn's services likely conferred some benefit, unaccounted for, upon Defendants.  Therefore, a claim of equitable estoppel does not appear to be futile at this stage.

C.

Plaintiff also seeks to assert a fraud claim.  The Amended Complaint alleges that Harding made false representations to Flinn with the intention that the parties' purchase agreement would be fulfilled by Flinn but disregarded by Harding.  By establishing a price for RMD, Harding motivated Plaintiff to remain as RMD's president, improve RMD's performance, continue pursuing the purchase, and personally guarantee RMD's debts.  According to Plaintiff, Harding never had the intention of upholding his part of the agreement and sought only to benefit from Plaintiff's reliance upon these misrepresentations.

Under Kentucky state law, a plaintiff asserting a cause of action for fraud must prove six elements: (1) a material representation; (2) falsity; (3) knowledge of falsity or recklessness; (4)

performed with inducement to be acted upon; (5) reliance thereon; and (6) resulting injury. *Sudamax Industria E Comercio De Cigaros, LTDA v. Buttes & Ashes, Inc.*, No. 1:05-CV-60-M, 2006 WL 3627725, at *3 n.2 (W.D. Ky. Dec. 8, 2006) (citation omitted). The heightened pleading standard of Federal Rule of Civil Procedure 9 requires that "in 'all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" *Id*. (citation omitted). Thus, plaintiffs must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id*. (internal quotation marks and citation omitted).

Here, Plaintiff's motion sufficiently alleges fraud. Plaintiff identifies the representations he believes were false, why they were false or misleading, and when they were made. Although it is far too early to delve into the substantive merits of Plaintiff's claim, the Court is satisfied that allowing Plaintiff to plead fraud in his Amended Complaint would not be futile.

D.

Finally, Plaintiff raises equitable estoppel as a means of enforcing the terms of the parties' agreement. Plaintiff argues that Defendants, by way of negotiating and agreeing to the parties' contract, induced Plaintiff to take action in reliance of Defendants' promises.

Equitable estoppel "may be invoked by an innocent party who has been fraudulently induced to changer their position in reliance on an otherwise unenforceable oral agreement." *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 643 (Ky. Ct. App. 2003) (citation omitted). A party asserting equitable estoppel must prove five elements:

> (1) Conduct, including acts, language and silence, amounting to a representation or concealment of material facts; (2) the estopped

> party is aware of these facts; (3) these facts are unknown to the other party; (4) the estopped party must act with the intention or expectation his conduct will be acted upon; and (5) the other party in fact relied on this conduct to his detriment.

*Santa Escolastica, Inc. v. Pavlovsky*, No. 09-358-KSF, 2011 WL 4948958, at *5 (E.D. Ky. Oct. 18, 2011) (quoting *Hinshaw v. Hinshaw*, 237 S.W.3d 170, 173 (Ky. 2007)).

Plaintiff alleges that Harding, having no intention to sell RMD to Plaintiff, and in fact soliciting alternative prospective purchasers while purporting to deal exclusively with Plaintiff, convinced him to begin performing his obligations under the agreement.  Then, once Flinn complied by personally guaranteeing 70% of RMD's debts and incurring significant legal expenses, Harding failed to honor his half of the arrangement.  Plaintiff argues that Defendants reasonably should have expected their representations would prompt Plaintiff's action in reliance of the promise for financing and ultimate purchase of RMD.  There are a number of possible explanations for the events that transpired, but the Court acknowledges that Plaintiff's allegations are plausible and therefore pass the "futility" standard on reconsideration.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion for New Trial, to Alter or Amend the Judgment is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend is SUSTAINED and the Amended Complaint is ORDERED FILED.

cc:     Counsel of Record